# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In Re FLEETBOSTON FINANCIAL CORPORATION SECURITIES LITIGATION | : : : : : | Civil Action No. 02-4561 (GEB)<br><br>**O R D E R** |

For the reasons set forth in this Court's Opinion filed herewith,

**IT IS ON THIS** ___28th___ **day of** ___November___, **2007, ORDERED** that Plaintiffs' Motion to expand the class definition, Docket Entry No. 96, is construed as two separate motions, one made pursuant to Federal Rule of Civil Procedure 23(c)(1)(C) and seeking to amend the existing Certified Class Definition on the grounds that a fuller development of facts has rendered the Certified Class Definition unsound, and another made pursuant to Rule 60(a) and seeking to correct a clerical error in the Certification Opinion and Order, and both Rule 23(c)(1)(C) and Rule 60(a) motions are GRANTED to the extent that the definition of Plaintiffs' class is amended to read:

> All persons or entities who: (1) exchanged shares of Summit Bancorp common stock for shares of FBF common stock in connection with the merger between FBF and Summit ("FBF-Summit Merger"), and pursuant to the registration statement and prospectus filed by FBF on or about January 25, 2001 for the shares it would be issuing in connection with the FBF-Summit Merger, *and* (2) sold such shares of FBF common stock during the period which (a) began when the investing public could have reasonably learned about the content of FBF's disclosure that was made on or after December 19, 2001, but (b) ended on the date which was the first day following November 6, 2003, and during which the FBF shares traded at the price equal to--or higher than--the price paid at the open market for FBF's shares on the date of the FBF-Summit Merger, *and* (3) sustained damages as a result of such transactions. Excluded from the class are Defendants; members of the Individual Defendants' immediate families; and director, officer, subsidiary, or affiliate of FBF; any entity in which any excluded person has a controlling interest; and their legal representatives, heirs, successors and assigns,

and it is further

**ORDERED** that the part of Defendants' Motion for partial judgment on the pleadings, Docket Entry No. 71, filed pursuant to--but not amenable to examination under--Rule 12(c) is construed as a motion for clarification, pursuant to Rule 60(b)(6), which is GRANTED to the extent that the parties are provided with the clarification stated in the Opinion accompanying this Order; and it is finally

**ORDERED** that Plaintiffs' Application to amend the Complaint included in Plaintiffs' submission Docket Entry No. 81 is DENIED.

                                              s/Garrett E. Brown, Jr.
                                      **GARRETT E. BROWN, JR.**
                                              **Chief Judge**
                                      **United States District Court**