NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RECEIVED
WILLIAM T. WALSH, CLERK
2005 DEC 23 A 10 41
UNITED STATES
DISTRICT COURT

| | |
|---|---|
| IN RE FLEETBOSTON FINANCIAL CORPORATION SECURITIES LITIGATION | Civ. No. (02-4561)(WGB) <br> **MEMORANDUM OPINION** |

**APPEARANCES:**

Gary S. Graifman
**KANTROWITZ, GOLDHAMER & GRAIFMAN**
210 Summit Ave.
Montvale, New Jersey 07645

Howard T. Longman
**STULL STULL & BRODY**
6 East 45th Street
New York, New York 10017

Samuel H. Rudman
**LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP**
200 Broadhollow Road, Suite 406
Melville, New York 11747

Joseph H. Weiss
Moshe Balsam
Richard A. Acocelli
**WEISS & YOURMAN**
551 Fifth Avenue
New York, New York 10176

    Counsel for Plaintiffs

Jeffrey A. Rosenthal
Mitchell A. Lowenthal
Jonathan M. Lloyd
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, New York 10006

Scott T. Tross
**HERRICK, FEINSTEIN LLP**
2 Penn Plaza
Newark, New Jersey 07105

    Counsel for Defendant

**BASSLER, SENIOR DISTRICT JUDGE:**

    Plaintiffs filed a motion for class certification under Fed. R. Civ. P. 23, for appointment of class counsel, and for appointment of a class representative.

    For the reasons set forth below, Plaintiffs' motion is **granted**.

**I. Analysis For Class Certification Under Federal Rule of Civil Procedure 23**

    Before obtaining certification, a class must meet the four requirements of Rule 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed. R. Civ. P. 23(a); In re LifeUSA Holding, Inc., 242 F.3d 136, 143 (3d Cir. 2001). If Plaintiffs satisfy these Rule 23(a) requirements, they must then show that the class is appropriate under Rule 23(b)(1), (2) or (3). Plaintiffs seek certification under 23(b)(3).

    FBF contends that Plaintiffs fail to meet the requirements under Rule 23(1)(a) of numerosity as well as under Rule 23(a)(4) of adequacy of representation. FBF does not dispute commonality or typicality.

2

**A. Rule 23(a)(1): numerosity**

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiffs seek to represent a class that "consists of persons or entities that exchanged Summit shares for FBF share [sic] in the Merger and were damaged thereby." (Pl. Reply Br. at 15.) Plaintiffs, while they do not provide an exact number, "believe the proposed class consists of thousands of Summit shareholders who exchanged millions of Summit shares of common stock." (Pl. Br. at 14.) There were 26,953 shareholders of Summit stock and approximately 175,721,433 shares of Summit common stock outstanding and entitled to vote on the Merger. (Id. at 14.) Although Plaintiffs have not provided the exact number of the class, the number of shareholders and outstanding shares support a finding of the existence of at least 40 members of the proposed class sufficient for a finding under Rule 23(a)(1) for numerosity. See Shamberg v. Ahlstrom, 111 F.R.D. 689, 698 (D.N.J. 1986) ("Certification is not barred because the precise number of class members has not been determined.").

"No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001). FBF argues that Plaintiffs

3

have not demonstrated the numerosity requirement because Plaintiffs' argument wrongly assumes that all Summit shareholders "were 'damaged' if at any time they sold FBF shares below $41." (FBF Letter Br. in Opp. at 2.)

"In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1973) (internal citations omitted). FBF, however, urges the Court to engage in a "more searching analysis" similar to that in Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154 (3d Cir. 2001). (FBF Letter Br. in Opp. at 2.)

In Newton, the Third Circuit considered the merits of an interlocutory appeal from a denial of a class certification. The Circuit Court noted that, at times, "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification process." Newton, 259 F.3d at 166. Considering the measure of damages from a Rule 10b-5 claim, the district court found that the economic loss was unique to each investor and therefore plaintiffs' claims did not warrant a class certification. Id. at 179-81. Unlike Newton, where the court could draw on a full record from its consideration of a motion for summary judgment, this Court's evaluation of Plaintiffs'

4

factual and legal allegations is more limited by the nature of the procedural history. See id. at 178-79.

FBF's averments are more appropriately considered on a motion for summary judgment. The focus of Rule 23(a)(1) is on the size of the proposed class and whether "joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While "[v]arious factors beyond the number of class members are relevant to determining impracticability...." the Court is unable to find caselaw law that supports a denial of class certification based on FBF's arguments and similar circumstances to those here. Szczubelek v. Cendant Mortg. Corp., 215 F.R.D. 107, 116-17 (D.N.J. 2002) (citing cases considering other factors, such as: judicial economy; geographic dispersion of the class members; financial resources of the class members; ability of claimants to institute individual suits; and, whether claims involve only a small amount of damages). Based on the record, it is sufficient at this time for the Court to make the more narrow finding that the proposed class satisfies the numerosity element of Rule 23(a) is met.

**B. Rule 23(a)(2) Commonality**

Rule 23(a)(2) requires that "there [be] questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). A plaintiff can meet the commonality requirement by showing "the presence of a single common issue." In re Prudential Ins. Co. of

America Sales Practices Litig., 962 F. Supp. 450, 510 (D.N.J. 1997) (citing 1 Newberg § 3.10, at 3-50 to 3-52).

Plaintiffs assert that FBF's alleged dissemination of materially false and misleading information regarding FBF's financial condition raises the following five common issues:

> (a) Whether defendants violated the federal securities laws..., including Sections 11 and 12(a)(2) and/or 15 of the Securities Act;
> (b) Whether the Merger Registration Statement contained materially false and misleading statements;
> (c) Whether the Merger Registration Statement and documents incorporated by reference therein omitted material facts that were necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading; and
> (d) Whether defendants, either in an individual capacity or as a group, participated in the conduct complained of...;
> (e) Whether the members of the Class have sustained damages, and, if so, the proper measure thereof.

(Pl. Br. at 15-16.)

FBF does not contest Plaintiffs' assertion that these five issues are common to the claims of all putative class members. The Court has no reason not to believe Plaintiffs' assertion. "Class actions are a particularly appropriate and desirable means to resolve claims based on the securities laws, since the effectiveness of the securities laws may depend in large measure on the application of the class action device." Eisenberg v. Gagnon, 766 F.2d 770, 785 (3d Cir. 1985). Thus, Plaintiffs meet

6

the commonality test.

### C. Rule 23(a)(3) Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The court must ask:

> whether the action can be efficiently maintained as a class and whether the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented.

Baby Neal v. Casey, 43 F.3d 48, 57 (3d Cir. 1994).

Here, Plaintiffs assert a cause of action premised on the Securities Act of 1933. Plaintiffs, as prospective representatives of the entire class, argue that all members of the proposed class were injured as a result of the same materially false and misleading Merger Registration Statement that FBF provided to all members of the class. (Pl. Br. at 17.) As a result, the claims of the representative and the class are linked by the "same core legal theories and arise from defendants' common course...." (Id.) Additionally, FBF has not raised any objections to class certification based upon typicality. Under these circumstances, Plaintiffs meet the typicality requirement. See In re IGI Sec. Litigation, 122 F.R.D. 451, 456 (D.N.J. 1988).

### D. Rule 23(a)(4) Fair and Adequate Representation

Rule 23(a)(4) requires a representative plaintiff to show

7

that he "will fairly and adequately protect the interests of the class." The rule is "designed to ensure that the absent class members' interests are fully pursued." Samuel-Bassett v. Kia Motors Am., Inc., 212 F.R.D. 271, 279 (E.D. Pa. 2002)(citing In re Prudential Ins. Co. of Am. Sales Practices Litig., 148 F.3d 283, 312 (3d Cir. 1998)). The Court must find that the representative plaintiff's counsel is qualified. See Barnes v. Am. Tobacco, 161 F.3d 127, 141 (3d Cir. 1998). The named parties must also be free from conflicts of interest with the class they seek to represent. Amchem Prods. v. Windsor, 521 U.S. 591, 625 (1997). The Samuel-Bassett court summarized the inquiry as follows:

> In short, the plaintiffs' attorney must be qualified, experienced and generally able to conduct the proposed litigation, and the plaintiffs must not have interests antagonistic to those of the class. It is the defendants' burden to show the inadequacy of plaintiff's class representation.

212 F.R.D. at 279 (internal citations omitted).

Making no arguments concerning the qualification of the plaintiffs' attorney, FBF only objects to the proposed class representative, The Estate of Harry Amsterdam, by Phillip Amsterdam, on the grounds that Mr. Amsterdam:

    (1)   lacks familiarity with the basic allegations and developments of this action;
    (2)   lacks familiarity with the duties and obligations of a class representative;
    (3)   has unduly relied on counsel and has failed to adequately supervise and

8

```
                direct the; and,
          (4)   disagrees with the class definition.
(FBF Br. at 13 19.)
```

FBF's contentions are without merit. First, FBF cites to deposition statements taken out of context and overlooks Mr. Amsterdam's considerable knowledge of the circumstances that give rise to this action. Second, the fact that the named Plaintiffs do not have personal knowledge of every technical aspect of the lawsuit is no barrier to certification. See Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 372-73 (1966) (upholding appointment of plaintiff as class representative even though he was "uneducated generally and illiterate in economic matters"); 1 Newberg on Class Actions § 3:34 at 461 (4th ed. 2002) ("most courts have followed the Surowitz rationale in rejecting any challenge to adequacy for class actions under amended Rule 23 based on ignorance of the facts or theories of liability"); see also Nathan Gordon Trust v. Northgate Exploration, Ltd., 148 F.R.D. 105, 107 (S.D.N.Y. 1993) ("it is familiar law that a class representative need not have personal knowledge of the evidence and the law involved in pursuing a litigation"). The Court sees no reason to deny certification solely because Mr. Amsterdam is not familiar with every fact of the case. Third, the Court does not believe that Mr. Amsterdam has unduly relied on counsel. Although Mr. Amsterdam may have limited knowledge as to the legal intricacies of the case, his deposition testimony indicates that

he spent a substantial amount of time reviewing the issues and becoming aware of the claims against FBF. Finally, under the facts presented, there are no foreseeable conflicts in the interests of The Estate of Harry Amsterdam, by Phillip Amsterdam, and the class members.

### E. Certification Under Rule 23(b)(3)

Under Rule 23(b)(3), provided a plaintiff has satisfied all four requirements of Rule 23(a):

> [a]n action may be maintained as a class action if ... the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b)(3).

In making this determination, the Court looks to the following factors:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b)(3).

In this litigation, Plaintiffs' allegations arise from the same operative facts: FBF created and/or issued a materially false and misleading Merger Registration Statement. Plaintiffs'

10

theory of liability is based on violations of the Securities Act. Plaintiffs are the only members of the putative class to commence litigation of this matter. It is unlikely that members of the class would prefer to individually control the prosecution of their own claims because of the expense of the action. It is desirable to concentrate this litigation in one forum to avoid inconsistent adjudications and promote judicial economy. The size of the class is common and presents no significant management problems.

In addition, the Court notes that FBF objects to certification because Plaintiff's definition of the proposed class is unmanageable and because some members may not have suffered any losses due to the alleged claims. (FBF's Br. at 7-9.)

The Third Circuit recently held, in In re Merck & Co. Sec. Litig., that "[s]ection 11 plaintiffs do not have to plead loss causation. Instead it is an affirmative defense in section 11 cases; defendants can limit damages by showing that the plaintiffs' losses were caused by something other than their misrepresentations." In re Merck & Co. Sec. Litig., 2005 U.S.App.LEXIS 27412, *36 (3d Cir. Dec. 15, 2005) (internal citations omitted). Thus, it is not necessary at this stage for Plaintiffs to prove loss causation. See also In re DaimlerChrysler AG Sec. Litig., 197 F.Supp.2d 42, 66 (D.Del. 2002)

(noting that "[w]ith regard to claims under Sections 11 and 12 of the Securities Act, loss causation need not be shown as part of the plaintiff's prima facie case.").

Nevertheless, it is critically important that the class be defined so that

> it identifies the persons (1) entitled to relief, (2) bound by a final judgment, and (3) entitled to notice in a Rule 23(b)(3) action.... Definitions, particularly under (b)(3), should avoid criteria that are subjective (e.g., a plaintiff's state of mind) or that depend on the merits (e.g., persons who were discriminated against). Such definitions frustrate efforts to identify class members, contravene the policy against considering the merits of a claim in deciding whether to certify a class, and create potential problems of manageability.

MOORE'S FEDERAL PRACTICE, MANUAL FOR COMPLEX LITIGATION § 30.14, at 217-18 (3d Matthew Bender 1995).

The Court therefore rejects Plaintiffs' proposed class definition and defines the class as:

> All persons or entities who exchanged shares of Summit Bancorp ("Summit") common stock for shares of FBF common stock in connection with the merger between FBF and Summit (the "Merger"), and pursuant to the registration statement and prospectus filed by FBF on or about January 25, 2001 (the "Merger Registration Statement" or "Registration Statement") for the shares it would be issuing in connection with the Merger (the "Class") and who sold such shares of FBF common stock between December 21, 2001 and November 7, 2003 and who sustained damages as a result of such transactions. Excluded from the Class are defendants; members of the Individual Defendants' immediate families; any director, officer, subsidiary, or affiliate of FBF; any entity in which any

12

excluded person has a controlling interest;
and their legal representatives, heirs,
successors and assigns.

## II. Conclusion

For the foregoing reasons, the Court grants Plaintiffs' motion for class certification.

An appropriate Order follows.

Dated: December 22, 2005

William G. Bassler, U.S.S.D.J.

13