RECEIVED
WILLIAM T. WALSH, CLERK
2005 DEC 23 A 10 41
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

───────────────────────────── X
:
IN RE FLEETBOSTON FINANCIAL CORPORATION : Civ. No. 02-4561 (WGB)
SECURITIES LITIGATION :
:
:
───────────────────────────── X

## [PROPOSED] ORDER APPROVING CERTIFICATION OF ACTION AS CLASS ACTION, APPOINTING CLASS REPRESENTATIVE AND APPROVING SELECTION OF LEAD COUNSEL

**WHEREAS**, this Court has presided over the above-captioned action (the "Action") and has reviewed all the pleadings and has reviewed all papers submitted on plaintiff's motion for certification of the action as a class action; and

**WHEREAS**, this Court finds, for the purposes of litigation of the Action with the remaining defendants, that the proposed certification meets all the prerequisites of the Fed.R.Civ.P. Rule 23 et seq., including numerosity, ascertainability, predominance of common issues pursuant to 23(b)(3), superiority and typicality, and/or that the party opposing class has acted or refused to act on grounds generally applicable to the class thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole, pursuant to Fed.R.Civ.P. Rule 23(b)(2), and that the Proposed Class Representative and his counsel is an adequate representative for the Class; and

**WHEREAS**, the law firm of Kantrowitz, Goldhamer & Graifman was appointed Liaison Counsel; and whereas, the law firms of (i) Cauley Geller Bowman Coates & Rudman LLP (predecessor, in part, to the firm Lerach Coughlin Stoia Geller Rudman & Robbins LLP) ; (ii)

Stull, Stull & Brody; (iii) Weiss & Yourman were previously appointed Co-Lead Counsel for the Class;

**IT IS HEREBY ORDERED** as follows:

1. The following Proposed Class Representative is appointed as Class Representative, in the FleetBoston Financial Action pursuant to the Securities Act of 1933 ("Securities Act"): The Estate of Harry Amsterdam, by Philip Amsterdam as Executor;

2. The motion to certify the Action as a class action under Fed.R.Civ.Proc. Rule 23 is granted;

3. The Class shall be and is certified for the purposes of litigation of the Action against the defendants FleetBoston Financial Corporation ("FBF" or the "Company") and the Individual Defendants pursuant to Fed.R.Civ.P. Rule 23, which class is defined as and shall be as follows:

> All persons or entities who exchanged shares of Summit Bancorp ("Summit") common stock for shares of FBF common stock in connection with the merger between FBF and Summit (the "Merger"), and pursuant to the registration statement and prospectus filed by FBF on or about January 25, 2001 (the "Merger Registration Statement" or "Registration Statement") for the shares it would be issuing in connection with the Merger (the "Class") and who sustained damages as a result of such transactions. [and who sold such shares of FBF common stock between December 21, 2001 and November 7, 2003] Excluded from the Class are defendants; members of the Individual Defendants' immediate families; any director, officer, subsidiary, or affiliate of FBF; any entity in which any excluded person has a controlling interest; and their legal representatives, heirs, successors and assigns;

4. Proposed Class Representatives and Class Counsel are hereby found to be and are adequate representatives of the Class and, accordingly, Stull, Stull & Brody, Lerach Coughlin Stoia Geller Rudman & Robbins LLP and Weiss & Yourman, are hereby appointed as Co-Lead Counsel for the Class and Kantrowitz Goldhamer & Graifman is hereby appointed as Liaison Counsel for the Class;

2

5.  Class Counsel shall submit a plan for dissemination of a Notice of Pendency of Class Action to be sent in a manner constituting the best notice practicable under the circumstances, which shall be approved by the Court.

DATED: 12/22/05

ENTER: _____
HONORABLE WILLIAM G. BASSLER
U.S.D.J.

6. Plaintiffs shall have leave to make an application to expand the class definition.

7. Notice to class members may be deferred until after any ruling in connection with paragraph 6. The parties shall confer on a schedule at that time.

8. Any responsive papers by Defendants in connection with an application pursuant to paragraph 6 shall not be due until after a ruling by the Court on Defendants' partial motion to dismiss pursuant to Rule 12(c).